## WRIGHT *vs.* JOHNSON.

Upon a petition by a guardian to a circuit judge verified by affidavit, showing that his ward is illegally restrained of her liberty within his circuit: he should award a *habeas corpus*, to bring the ward before him, and hear and determine the writ—and upon his refusal so to do, this court will compel him by mandamus.

Wherever there is an unlawful restraint of the personal liberty of one, if he be of majority, or his guardian if a minor, upon proper showing, a *habeas corpus* will issue.

The guardian shows himself the lawfully constituted guardian of his ward: that she is illegally restrained of her liberty, and her person unlawfully detained by another—this is enough.

A judge of the circuit court has full power and authority, either as chancellor or common law judge, to issue, hear and determine a *habeas corpus*, either in vacation or term.

Upon proper showing, the writ should issue, be made returnable, and be determined as soon as possible.

The circuit court have plenary, and imperative jurisdiction as to all crimes, misdemeanors and contracts, under the limitations of the constitution: full power of control over inferior tribunals within their circuits, and may issue all writs necessary to carry into effect their general and specific powers.

Power is expressly given to issue, hear and determine a *habeas corpus*, in term and vacation—and the judges have full power in respect to such cases.

The privilege of this writ cannot be suspended, except in cases of invasion and insurrection, and then only by legislative act.

An obligation rests on the circuit judges to award a *habeas corpus*, for the purpose of trying the illegal restraint of a ward: and if found to be necessarily restrained of her liberty, to restore her person to her lawfully appointed guardian.

PETITION for *mandamus* to the judges of this court, by Wright showing that the probate court of Independence county, had at Oc-

tober term, 1843, duly appointed him guardian of Malvina M. Waggoner, a minor under fourteen years of age: that he had given bond and security as such, which was approved by said court: that the person of the ward was illegally held in possession and forcibly detained by one Andrew Waggoner; that showing the above facts to the Hon. *Thomas Johnson*, judge of the third judicial circuit in this State, in his capacity of chancellor, praying writ of *habeas corpus* to bring up the person of the ward to be disposed of according to law—that said application was refused by his said Honor, because as he alleged he had no jurisdiction of the matter. He therefore prayed a rule upon Judge Johnson, to show cause, "at an early day," why a mandamus should not issue commanding him to grant the writ, &c. This application was duly sworn to by Wright; upon which, the chief justice in vacation, ordered an alternative mandamus upon Judge Johnson, returnable to July term, 1844. The writ was returned duly executed; Judge Johnson in his return, argues the question of jurisdiction at length, and refused to obey the writ.

*Jordon*, for the relator, demurred to the judges return.

*Watkins*, for respondent.

*By the court*, LACY J. By an order of the chief justice of this court, a *mandamus* was ordered to be issued, and directed to the judge of the third judicial circuit, commanding him to grant a writ of *habeas corpus*, and bring before him the body of a ward, said to be illegally imprisoned within his circuit, or show cause why such writ should not be awarded. The writ was duly executed, and the judge in his return, states that being directed to him as chancellor in vacation, he has no authority to award the *habeas corpus*, and bring the case before him for trial and adjudication. To these facts, is added an elaborate argument in defence of the return. The judge unquestionably possesses the right of making an argument in favor of his own opinion, and in many cases it may be necessary to do so; but then it would be more regular and appropriate to present his remarks detached from the return, and not make them constitute a part of it. This irregu-

Wright *vs.* Johnson.

larity, however, we shall pass by, and consider the sufficiency of his return, as put in issue by the demurrer.

The writ of mandamus was properly awarded. The petition showed that the guardian had made application to the judge for a *habeas corpus*, to liberate his ward from an illegal restraint of her liberty, which was said to exist within his circuit. Whenever there is an illegal imprisonment, or an unlawful restraint of personal liberty, the party injured, if he be of majority, and his guardian, if he be a minor, is entitled to a writ of *habeas corpus*, if he brings himself within the rules prescribed in such cases. In the present instance, the guardian has done this, for he shows these facts, which are verified upon oath, and are uncontradicted upon the record: that he is the lawfully constituted guardian of his ward, and as such, is entitled to her custody: that she has been illegally restrained of her liberty, and that her person is unlawfully detained by another. This is all that was necessary for him to show, to authorize the issuance of the writ; and the question now is, has the judge of the circuit in vacation, sitting as a common law judge or chancellor, authority under the laws and constitution, to award a *habeas corpus*, and to try and determine the cause? We think it is clear that he has, and that upon the return of the writ, he has full power to hear and determine the case in vacation or in term time, and that the writ ought to be granted the moment a proper case is made out, and that it should be made returnable, and tried thereafter as soon as possible. The constitutional jurisdiction of the circuit courts is plenary and imperative as to all crimes, misdemeanors and contracts, subject to the limitation imposed in the instrument, and that full power is given to control the inferior tribunals within each respective circuit, and there is an express grant to issue all necessary writs to carry into effect their general and specied powers; and these tribunals are invested with chancery jurisdiction, until otherwise directed by the legislature.

In organizing the circuit courts, the legislature has expressly made it their duty to issue writs of *habeas corpus*, and to try and determine the same: and the same power and authority are expressly given to the judges thereof in vacation. The general grants of power of creating and defining the jurisdiction of the circuit courts as well as their

87

specific classes, inherently give to the courts and to the judges, full power and authority in respect to such cases; and to strip them of this power, would, in effect, repeal one of the most important and necessary writs belonging to their original constitutional jurisdiction. And it would be difficult to conceive how they could exercise their constitutional grants without its aid and assistance. The terms, "they shall have power to issue all necessary writs to carry into effect their general and specific power," unquestionably include the writ of *habeas corpus.* Again, the constitution declares that this writ shall not be suspended, except in cases of rebellion, or invasion; and even then, it would require an act of the legislature to authorize its suspension. If its sacredness and importance, are so necessary for the liberty of the citizen, how is it to be made available, unless by the instrumentality of the courts? And is it to be supposed, that the circuit courts in term time, or the judges thereof in vacation, which are courts of general constitutional jurisdiction, possess no power to award or determine the writ? The answer seems to us clearly to negative any such supposition. And if they possess no such power, inherently, arising out of their constitutional establishment and organization, either as courts of common law or sitting in chancery, and that too in term time or vacation, we certainly can conceive of no higher duty or obligation devolving upon the circuit judge, than to award a *habeas corpus* for the purpose of trying the illegal imprisonment of a ward; and, if found to be unnecessarily restrained of her liberty, of restoring her person to the possession and custody of her lawfully appointed guardian.

According to these principles, the return to the writ of mandamus is insufficient, and the demurrer to it was therefore well taken, and must be sustained.

Rule absolute—peremptory mandamus awarded.